| **Fill in this information to identify the case**: |
|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) |
| Case number *(if known)*: _____ Chapter **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
**04/25**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**  
   CBI Distributing Corp.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   6 5 - 0 1 3 5 5 7 4

4. **Debtor's address**

   **Principal place of business**  
   2400 West Central Road  
   Number   Street  
   
   Hoffman Estates   IL   60192  
   City   State   Zip Code
   
   Cook  
   County

   **Mailing address, if different from principal place of business**  
   Number   Street  
   P.O. Box  
   City   State   Zip Code

   **Location of principal assets, if different from principal place of business**  
   Number   Street  
   City   State   Zip Code

5. **Debtor's website** (URL)  
   https://www.claires.com/us/

6. **Type of debtor**  
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

| Debtor | **CBI Distributing Corp.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4599 - Other Miscellaneous Retailers**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. Check **all** that apply:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.

| | District | When | Case number |
|---|---|---|---|
| | **Delaware** | **03/19/2018** MM/DD/YYYY | **18-10586 (MFW)** |
| | District | When MM/DD/YYYY | Case number |

Debtor    **CBI Distributing Corp.**   Case number *(if known)*  _____
        Name

| | | | | |
|---|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor **See Rider 1**<br>District **District of Delaware**<br>Case number, if known _____ | Relationship **Affiliate**<br><br>When **08/06/2025**<br>      MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
City          State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **CBI Distributing Corp.**                    Case number *(if known)*
           Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/06/2025
               MM/ DD / YYYY

✗    */s/ Chris Cramer*                                        **Chris Cramer**
     Signature of authorized representative of debtor           Printed name

     Title    **Authorized Signatory**

**18. Signature of attorney**

✗    */s/ Zachary I. Shapiro*                    Date    08/06/2025
     Signature of attorney for debtor                    MM/DD/YYYY

     **Zachary I. Shapiro**
     Printed name

     **Richards, Layton & Finger, P.A.**
     Firm name

     **One Rodney Square, 920 N. King Street**
     Number        Street

     **Wilmington**                              **Delaware**        **19801**
     City                                        State               ZIP Code

     **(302) 651-7700**                          **shapiro@rlf.com**
     Contact phone                               Email address

     **5103**                                    **Delaware**
     Bar number                                  State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) |
| Case number *(if known)*: _____    Chapter __11__ |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Claire's Holdings LLC.

- Claire's Holdings LLC
- BMS Distributing Corp.
- CBI Distributing Corp.
- Claire's (Gibraltar) Holdings Limited
- Claire's Boutiques, Inc.
- Claire's Canada Corp.
- Claire's Intellectual LLC
- Claire's Puerto Rico Corp.
- Claire's Stores, Inc.
- Claire's Swiss Holdings II LLC
- Claire's Swiss Holdings LLC
- CLSIP Holdings LLC
- CLSIP LLC
- CSI Canada LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CBI DISTRIBUTING CORP., | ) ) | Case No. 25-_____(___) |
| Debtor. | ) ) ) |   |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Claire's Stores, Inc. | 2400 West Central Road, Hoffman Estates, Illinois 60192 | 56% |
| Claire's Boutiques, Inc. | 2400 West Central Road, Hoffman Estates, Illinois 60192 | 44% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CBI DISTRIBUTING CORP., | ) Case No. 25-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Claire's Stores, Inc. | 56% |
| Claire's Boutiques, Inc. | 44% |

| Fill in this information to identify the case: |
|---|
| Debtor name: Claire's Holdings LLC |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (If known): |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | STUDEX CORP.<br>521 W ROSECRANS AVE<br>GARDENA, CA 90248<br>UNITED STATES | JODY NICHOLAS<br>DIRECTOR<br>JODY@CLINICALHEALTHUSA.COM<br>310-993-6941 | TRADE PAYABLE | | | | $10,806,821 |
| 2 | PREMIUM RETAIL SERVICES LLC<br>618 SPIRIT DRIVE<br>CHESTERFIELD, MO 63005<br>UNITED STATES | MR. RON TRAVERS<br>CHIEF EXECUTIVE OFFICER<br>RTRAVERS@PREMIUMRETAIL.COM<br>800.800.7318 | TRADE PAYABLE | | | | $1,643,391 |
| 3 | INSPIRED THINKING<br>171 N ABERDEEN ST<br>SUITE 400<br>CHICAGO, IL 60607<br>UNITED STATES | ANDREW SWINAND<br>CHIEF EXECUTIVE OFFICER<br>ANDREWSWINAND@INSPIREDTHINKING.GROUP<br>(312) 620-1454 | TRADE PAYABLE | | | | $1,205,601 |
| 4 | WORKDAY, INC.<br>6110 STONERIDGE MALL ROAD<br>PLEASANTON, CA 94588<br>UNITED STATES | CARL ESCHENBACH<br>CHIEF EXECUTIVE OFFICER<br>CARL.ESCHENBACH@WORKDAY.COM<br>(925) 951-9000 | TRADE PAYABLE | | | | $1,142,084 |
| 5 | SIMON PROPERTY GROUP LP<br>225 WEST WASHINGTON STREET<br>INDIANAPOLIS, IN 46204<br>UNITED STATES | DAVID SIMON<br>CHIEF EXECUTIVE OFFICER<br>DAVID.SIMON@SIMON.COM<br>1 (317) 636-1600 | RENT PAYABLE | | | | $931,934 |
| 6 | MICROSOFT CORPORATION<br>ONE MICROSOFT WAY<br>REDMOND, WA 98052<br>UNITED STATES | SATYA NADELLA<br>CHIEF EXECUTIVE OFFICER<br>SATYAN@MICROSOFT.COM<br>(888) 725-1047 | TRADE PAYABLE | | | | $890,874 |
| 7 | WALMART INC<br>702 S.W. 8TH ST<br>BENTONVILLE, AR 72716<br>UNITED STATES | CARL DOUGLAS MCMILLON<br>CHIEF EXECUTIVE OFFICER<br>DOUG.MCMILLON@WALMART.COM<br>(479) 273-4000 | RENT PAYABLE | | | | $857,250 |
| 8 | ACCELLOR INC.<br>42808 CHRISTY ST<br>#216<br>FREMONT, CA 94538<br>UNITED STATES | PALLAW SHARMA<br>CHIEF EXECUTIVE OFFICER<br>(510) 509-9934 | TRADE PAYABLE | | | | $605,002 |
| 9 | EXEGISTICS,INC<br>3710 RIVER ROAD<br>SUITE 100<br>FRANKLIN PARK, IL 60131<br>UNITED STATES | STEPHEN OLDS<br>PRESIDENT<br>STEPHEN.OLDS@EXEGISTICS.COM<br>(847) 353-3810 | TRADE PAYABLE | | | | $577,271 |
| 10 | THE BENMOORE CONST. GROUP<br>87 OLD RIVER STREET<br>HACKENSACK, NJ 07601<br>UNITED STATES | JEFFREY PITTEL<br>CHIEF EXECUTIVE OFFICER<br>JEFFP@BENMOORECONSTRUCTION.COM<br>(201) 489-4466 | TRADE PAYABLE | | | | $525,468 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | GOOGLE INC<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043<br>UNITED STATES | SUNDAR PICHAI<br>CHIEF EXECUTIVE OFFICER<br>SUNDAR@GOOGLE.COM<br>(650) 253-0000 | TRADE PAYABLE | | | | $525,187 |
| 12 | THE RETAIL PROPERTY TRUST<br>225 WEST WASHINGTON STREET<br>INDIANAPOLIS, IN 46204<br>UNITED STATES | DAVID SIMON<br>CHIEF EXECUTIVE OFFICER<br>DAVID.SIMON@SIMON.COM<br>1 (317) 636-1600 | RENT PAYABLE | | | | $508,082 |
| 13 | OPTIV SECURITY INC.<br>1144 15TH ST. STE 2900<br>DENVER, CO 80202<br>UNITED STATES | KEVIN LYNCH<br>CHIEF EXECUTIVE OFFICER<br>KEVIN.LYNCH@OPTIV.COM<br>(800) 574-0896 | TRADE PAYABLE | | | | $468,070 |
| 14 | ALGONOMY SOFTWARE<br>40/4 LAVELLE ROAD<br>BANGALORE,  560001<br>INDIA | ATUL JALAN<br>CHIEF EXECUTIVE OFFICER<br>ATUL.JALAN@ALGONOMY.COM<br>91 80 6717 1602 | TRADE PAYABLE | | | | $455,496 |
| 15 | PREMIUM OUTLET PARTNERS, LP<br>60 COLUMBIA ROAD<br>BUILDING B<br>MORRISTOWN, NJ 07960<br>UNITED STATES | DAVID SIMON<br>CHIEF EXECUTIVE OFFICER<br>DAVID.SIMON@SIMON.COM<br>1 (317) 636-1600 | RENT PAYABLE | | | | $413,146 |
| 16 | THE CREME SHOP<br>819 SOUTH GLADYS AVENUE<br>LOS ANGELES, CA 90021<br>UNITED STATES | OLIVE KIM<br>CHIEF EXECUTIVE OFFICER<br>OLIVE.KIM@THECREMESHOP.COM<br>(213) 688-0066 | TRADE PAYABLE | | | | $409,500 |
| 17 | AURORA WORLD INC.<br>8820 MERCURY LN<br>PICO RIVERA, CA 90660<br>UNITED STATES | HENRY GWEON<br>CHIEF EXECUTIVE OFFICER<br>HENRY@AURORAGIFT.COM<br>(888) 287-6722 | TRADE PAYABLE | | | | $380,830 |
| 18 | HERITAGE CANDY COMPANY, INC.<br>6923 WOODLEY AVE.<br>VAN NUYS, CA 91406<br>UNITED STATES | DAVID KOLINSKY<br>PRESIDENT<br>DAVID@HERITAGECANDY.COM<br>(818) 780-9600 | TRADE PAYABLE | | | | $376,935 |
| 19 | BROOKFIELD PROPERTY PARTNERS L.P.<br>BROOKFIELD PLACE NEW YORK<br>250 VESEY STREET<br>15TH FLOOR<br>NEW YORK, NY 10281<br>UNITED STATES | BRUCE FLATT<br>CHIEF EXECUTIVE OFFICER<br>B.FLATT@BROOKFIELD.COM<br>212-417-7000 | RENT PAYABLE | | | | $370,959 |
| 20 | THE MACERICH COMPANY<br>401 WILSHIRE BOULEVARD<br>SUITE 700<br>SANTA MONICA, CA 90401<br>UNITED STATES | JACKSON HSIEH<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>JACKSON.HSIEH@MACERICH.COM<br>(310) 394-6000 | RENT PAYABLE | | | | $355,856 |
| 21 | LENNOX INDUSTRIES,INC.<br>2140 LAKE PARK BLVD.<br>RICHARDSON, TX 75080<br>UNITED STATES | ALOK MASKARA<br>CHIEF EXECUTIVE OFFICER<br>ALOK.MASKARA@LENNOX.COM<br>(972) 497-5000 | TRADE PAYABLE | | | | $352,947 |
| 22 | GRANT THORNTON LLP<br>171 N CLARK ST.<br>SUITE 200<br>CHICAGO, IL 60601<br>UNITED STATES | RON MESSENGER<br>CHIEF EXECUTIVE OFFICER<br>RON.MESSENGER@US.GT.COM<br>(312) 856-0200 | TRADE PAYABLE | | | | $347,920 |
| 23 | OVATIVE GROUP, LLC<br>224 N DESPLAINES ST<br>#200<br>CHICAGO, IL 60661<br>UNITED STATES | DALE NITSCHKE<br>CHIEF EXECUTIVE OFFICER<br>DALE.NITSCHKE@OVATIVE.COM<br>(612) 886-1010 | TRADE PAYABLE | | | | $339,662 |
| 24 | UPS SUPPLY CHAIN SOLUTIONS INC<br>12380 MORRIS ROAD<br>ALPHARETTA, GA 30005<br>UNITED STATES | CAROL B. TOMÉ<br>CHIEF EXECUTIVE OFFICER<br>CTOME@UPS.COM<br>1-800-742-5727 | TRADE PAYABLE | | | | $336,703 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 25 | CENTRIC BEAUTY LLC<br>350 FIFTH AVE<br>NEW YORK, NY 10118<br>UNITED STATES | JASON RABIN<br>CHIEF EXECUTIVE OFFICER<br>JRABIN@CENTRICBRANDS.COM<br>(646) 582-6000 | TRADE PAYABLE | | | | $332,255 |
| 26 | TANGER PROPERTIES LIMITED<br>3200 NORTHLINE AVENUE<br>SUITE 360<br>GREENSBORO, NC 27408<br>UNITED STATES | STEPHEN YALOF<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>SY@TANGER.COM<br>336.292.3010 | RENT PAYABLE | | | | $313,755 |
| 27 | FRONTSTREET FACILITY SOLUTIONS<br>4170 VETERANS MEMORIAL HIGHWAY<br>BOHEMIA, NY 11716<br>UNITED STATES | THOMAS J. HUTZEL<br>CHIEF EXECUTIVE OFFICER<br>THUTZEL@FRONTSTREETFS.COM<br>(631) 750-4000 | TRADE PAYABLE | | | | $292,702 |
| 28 | UNITED TECHNO SOLUTIONS INC.<br>4900 HOPYARD RD.<br>STE 100<br>PLEASANTON, CA 94588<br>UNITED STATES | MOORTHY SUBBIAH<br>CHIEF EXECUTIVE OFFICER<br>THANDAV@UNITEDTECHNO.COM<br>(650) 720-5714 | TRADE PAYABLE | | | | $281,192 |
| 29 | BPR-FF LLC<br>BROOKFIELD PLACE NEW YORK<br>250 VESEY STREET<br>15TH FLOOR<br>NEW YORK, NY 10281<br>UNITED STATES | BRUCE FLATT<br>CHIEF EXECUTIVE OFFICER<br>B.FLATT@BROOKFIELD.COM<br>212-417-7000 | RENT PAYABLE | | | | $264,453 |
| 30 | KOJAC FASHION ACCESSORIES LTD<br>FORA SPITALFIELDS<br>42-46 PRINCELET STREET<br>LONDON,  E1 5LP<br>UNITED KINGDOM | SAM MALDE<br>CHIEF EXECUTIVE OFFICER<br>SAM@KOJAC.CO.UK<br>44  0207 612 0736 | TRADE PAYABLE | DISPUTED<br>UNLIQUIDATED | | | UNDETERMINED |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **CBI Distributing Corp.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **08/06/2025** | ☒ */s/ Chris Cramer* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Chris Cramer** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

Official Form 202             Declaration Under Penalty of Perjury for Non-Individual Debtors

**ACTION BY WRITTEN CONSENT OF
THE SPECIAL COMMITTEES OF THE GOVERNING
BODIES OF THE ENTITIES LISTED ON <u>ANNEX I</u> HERETO**

**August 5, 2025**

The undersigned, being all of the members of the special committees (each, a "<u>Special Committee</u>" and, collectively, the "<u>Special Committees</u>") of the board of directors and board of managers, as the case may be (each, a "<u>Governing Body</u>" and collectively, the "<u>Governing Bodies</u>"), of each of the entities listed on <u>Annex I</u> hereto (each, a "<u>U.S. Filing Entity</u>" and, collectively, the "<u>U.S. Filing Entities</u>"), hereby unanimously vote for, approve, consent to, and adopt the resolutions set forth below pursuant to the Delaware Limited Liability Company Act, the Delaware General Corporation Law, the Florida Business Corporation Act, the Michigan Business Corporation Act, and the Companies Act of the Law of Gibraltar, as applicable, as the actions of the Special Committees in lieu of a meeting and hereby direct that this written consent (this "<u>Consent</u>") be delivered to the officer of each U.S. Filing Entity having custody of the book in which actions of each Special Committee and Governing Body are recorded:

**WHEREAS**, on May 14, 2025, the Governing Body of Claire's Holdings LLC ("<u>Holdings</u>") appointed David Barse and William Transier as independent and disinterested managers (the "<u>Independent Managers</u>") to the Holdings Governing Body to assist in exploring, negotiating, and entering into potential strategic value-maximizing transactions and subsequently established a special committee (the "<u>Special Committee</u>") comprised of the Independent Managers and delegated to the Special Committee, among other things, the full authority to review, discuss, consider, negotiate, and to the extent of any conflicts, approve and authorize the U.S. Filing Entity's entry into and consummation of a transaction (such delegation, the "<u>Special Committee Authority</u>");

**WHEREAS**, on June 1, 2025, the Governing Bodies of certain U.S. Filing Entities[1] similarly appointed the Independent Managers to each U.S. Filing Entity's applicable Governing Body, established a Special Committee, and delegated to each Special Committee the Special Committee Authority;

**WHEREAS**, on August 5, 2025, the Governing Body of Claire's (Gibraltar) Holdings Limited similarly appointed the Independent Managers to such U.S. Filing Entity's Governing Body, established a Special Committee, and delegated to such Special Committee the Special Committee Authority;

**WHEREAS**, the Special Committees, having reviewed and considered (a) the filing of a voluntary petition for relief for each U.S. Filing Entity under the provisions of chapter 11 and title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>") pursuant to applicable law and in accordance with the requirements of each U.S. Filing Entity's

---

[1] Such U.S. Filing Entities being: (i) Claire's Stores, Inc.; (ii) Claire's Puerto Rico Corp.; (iii) CBI Distributing Corp.; (iv) Claire's Boutiques, Inc.; (v) Claire's Canada Corp.; (vi) BMS Distributing Corp.; (vii) CSI Canada LLC; (viii) CLSIP Holdings LLC; (ix) CLSIP LLC; and (x) Claire's Swiss Holdings LLC.

governing documents ("Governing Documents") and applicable law, (b) the use of Cash Collateral (as defined herein) pursuant to the Cash Collateral Orders (as defined herein) (collectively, the "U.S. Restructuring Matters"), and (c) the filing of an application of Claire's Stores Canada Corp. ("Claire's Canada") for protection under the provisions of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended in the Ontario Superior Court of Justice (Commercial List) (the "CCAA"); and

**WHEREAS**, the Special Committees, having reviewed and considered the materials presented by the management of each U.S. Filing Entity and each U.S. Filing Entity's financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to each U.S. Filing Entity.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable Governing Documents of each U.S. Filing Entity, the undersigned do hereby adopt the following resolutions:

I. **U.S. Restructuring Matters**

   a. **Chapter 11 Filing**

   **RESOLVED FURTHER**, in the business judgment of the Special Committees, it is desirable and in the best interest of each U.S. Filing Entity, the stakeholders, the creditors, and other parties in interest, that each U.S. Filing Entity files or causes to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each U.S. Filing Entity's Governing Documents and applicable law, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and

   **RESOLVED FURTHER**, any director, manager, or other duly appointed officer of each U.S. Filing Entity (collectively, the "Authorized Persons") shall be, and each of them individually hereby is, authorized and directed for and on behalf of each U.S. Filing Entity to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each U.S. Filing Entity in respect of the U.S. Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each U.S. Filing Entity all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each U.S. Filing Entity or any of its subsidiaries' businesses.

   b. **Retention of Professionals**

   **RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each U.S. Filing Entity: (a) Kirkland & Ellis

LLP and Kirkland & Ellis International LLP as bankruptcy counsel; (b) Richards, Layton & Finger, P.A. as local bankruptcy counsel; (c) Houlihan Lokey, Inc. as investment banker; (d) Alvarez & Marsal North America, LLC as financial advisor; (e) Omni Agent Solutions, Inc. as claims and noticing agent; and (f) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each U.S. Filing Entity in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### c. Use of Cash Collateral and Adequate Protection

**RESOLVED FURTHER**, that in the business judgment of the Special Committees, it is desirable and in the best interest of each U.S. Filing Entity, its stakeholders, its creditors, and other parties in interest to obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which may be security for certain of the U.S. Filing Entities' prepetition secured lenders (the "Prepetition Secured Lenders") under certain credit facilities by and among the U.S. Filing Entities, the guarantors party thereto, the administrative and other agents party thereto, and the lenders party thereto;

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the U.S. Filing Entities will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court, with the Special Committees having been apprised of the material terms and provisions of the Cash Collateral Orders;

**RESOLVED FURTHER**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved in all respects, and each of the Authorized Persons of the U.S. Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the U.S. Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders subject to approval by the Bankruptcy Court;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the U.S. Filing Entities to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any

Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the U.S. Filing Entities, relating to the use of Cash Collateral in connection with the chapter 11 cases, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED FURTHER**, that the U.S. Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions, including granting liens on their assets to secure such obligations.

### II.     Canadian Restructuring Matters

**RESOLVED FURTHER**, that the Special Committee of Claire's Canada Corp., as the sole shareholder of Claire's Canada, hereby (i) approves the Resolutions of the Sole Shareholder of Claire's Canada, executed substantially contemporaneously herewith, pursuant to which, among other things, the Authorized Persons of Claire's Canada are, and each of them individually is authorized and directed to file or cause to be filed an application for protection under the provisions of the CCAA and (ii) authorizes, empowers, and directs Claire's Canada to employ (a) Osler, Hoskin & Harcourt LLP as Canadian bankruptcy counsel, (b) Alvarez & Marsal Canada ULC as financial advisor, and (c) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist Claire's Canada in carrying out its duties and responsibilities and exercising its rights under the CCAA and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### III.    General

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of the U.S. Filing Entities, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of this Consent;

**RESOLVED FURTHER**, that the applicable Special Committees have received sufficient notice of the actions and transactions relating to the matters contemplated by this Consent, as may be required by the organizational documents of each U.S. Filing Entity, or hereby waive any right to have received such notice;

**RESOLVED FURTHER**, that to fully carry out the intent and effectuate the purposes of this Consent, each of the Special Committees and each of the Authorized Persons are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the U.S. Filing Entities, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper, or advisable;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by this Consent done in the name of and on behalf of each U.S. Filing Entity, which acts would have been approved by this Consent except that such acts were taken before the execution of this Consent, are hereby in all respects approved and ratified as the true acts and deeds of each U.S. Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the resolutions or written consent of the applicable Special Committee and that the Authorized Person did execute the same;

**RESOLVED FURTHER**, that this Consent may be executed in multiple counterparts or copies, each of which shall be deemed an original for all purposes. One or more counterparts or copies of this Consent, or signature pages hereto, may be executed by one or more of the undersigned, and some different counterparts, copies, or signature pages executed by one or more of the other undersigned. Each counterpart or copy hereof so executed by any of the undersigned shall be binding upon the undersigned executing the same even though other of the undersigned may execute one or more different counterparts, copies, or signature pages, and all counterparts or copies hereof (including any such signature pages) so executed shall constitute one and the same consent. Each of the undersigned, by execution of one or more counterparts or copies hereof or signature pages hereto, expressly authorizes and directs the secretary or any assistant secretary of each U.S. Filing Entity, or counsel to each U.S. Filing Entity, to affix the signature pages executed by the authorizing director to one or more other counterparts or copies hereof so that upon execution of multiple counterparts or copies hereof or signature pages hereto by all of the undersigned, there shall be one or more counterparts or copies hereof to which is (are) attached signature pages containing signatures of all of the undersigned;

**RESOLVED FURTHER**, that this Consent and signature pages hereto may be executed and delivered by electronic means (including electronic image, facsimile, ".pdf," ".tif," and ".jpeg"), and thereupon shall be treated in each case and in all manner and respects and for all purposes as an original and shall be considered to have the same binding legal effect as if it were an original manually-signed counterpart hereof delivered in person; and

**RESOLVED FURTHER**, that this Consent shall become effective as of the date first set forth above upon each U.S. Filing Entity's receipt of the executed counterpart signature pages from the respective members of each Special Committee.

The actions taken by this Consent shall have the same force and effect as if taken at a special meeting of each Special Committee, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each U.S. Filing Entity is organized.

\* \* \* \* \* \*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Special Committees of the Governing Bodies of the entities listed below, have executed this Consent as of the date first above written.

**BMS DISTRIBUTING CORP.**
**CBI DISTRIBUTING CORP.**
**CLAIRE'S BOUTIQUES, INC.**
**CLAIRE'S CANADA CORP.**
**CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED**
**CLAIRE'S HOLDINGS LLC**
**CLAIRE'S INTELLECTUAL LLC**
**CLAIRE'S PUERTO RICO CORP.**
**CLAIRE'S STORES, INC.**
**CLAIRE'S SWISS HOLDINGS II LLC**
**CLAIRE'S SWISS HOLDINGS LLC**
**CLSIP HOLDINGS LLC**
**CLSIP LLC**
**CSI CANADA LLC**

By: _____
    *Signed by:* DAVID BARSE
    08ED8395F1724B9...
    David Barse

By: _____
    William Transier

[*Signature Page to Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Special Committees of the Governing Bodies of the entities listed below, have executed this Consent as of the date first above written.

**BMS DISTRIBUTING CORP.**
**CBI DISTRIBUTING CORP.**
**CLAIRE'S BOUTIQUES, INC.**
**CLAIRE'S CANADA CORP.**
**CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED**
**CLAIRE'S HOLDINGS LLC**
**CLAIRE'S INTELLECTUAL LLC**
**CLAIRE'S PUERTO RICO CORP.**
**CLAIRE'S STORES, INC.**
**CLAIRE'S SWISS HOLDINGS II LLC**
**CLAIRE'S SWISS HOLDINGS LLC**
**CLSIP HOLDINGS LLC**
**CLSIP LLC**
**CSI CANADA LLC**

By: _____
David Barse

By: *William Transier* (DocuSigned)
William Transier

[*Signature Page to Written Consent*]

**ANNEX I**

| Company | State (or if outside of the U.S., country) of Incorporation |
|---|---|
| BMS Distributing Corp. | Delaware |
| CBI Distributing Corp. | Delaware |
| Claire's Boutiques, Inc. | Michigan |
| Claire's Canada Corp. | Delaware |
| Claire's (Gibraltar) Holdings Limited | Gibraltar |
| Claire's Holdings LLC | Delaware |
| Claire's Intellectual LLC | Delaware |
| Claire's Puerto Rico Corp. | Delaware |
| Claire's Stores, Inc. | Florida |
| Claire's Swiss Holdings II LLC | Delaware |
| Claire's Swiss Holdings LLC | Delaware |
| CLSIP Holdings LLC | Delaware |
| CLSIP LLC | Delaware |
| CSI Canada LLC | Delaware |